QUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GREGORY M. QUILLIN and wife, )
HELEN QUILLIN, )
　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　　　　　　　)
v. ) No. 3:03-CV-151
　) (VARLAN/SHIRLEY)
EASTON SPORTS, INC. and )
CHUMBOLLY, INC. d/b/a THE BIKE ZOO, )
　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## MEMORANDUM & ORDER

　　　　This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 217] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Easton Sports, Inc.'s Motion to Quash Subpoena [Doc. 215]. The undersigned held a hearing on this motion on April 24, 2006.

　　　　The defendant Easton Sports, Inc. ("Easton") moves the Court for an Order quashing the subpoena mailed by counsel for the plaintiff to non-party Veltec Sports, Inc. ("Veltec"). For grounds, Easton argues (1) that the subpoena is untimely; (2) that the subpoena fails to allow Veltec reasonable time for compliance; (3) that the plaintiff failed to give prior notice of the subpoena to the other parties to the litigation; and (4) that the subpoena was not properly served upon Veltec. [Doc. 215].

　　　　The plaintiff opposes Easton's motion, arguing that Easton has no standing to move to quash a subpoena issued to a third party. The plaintiff argues that Easton's failure to produce the

requested records necessitated the filing of this subpoena upon Veltec. The plaintiff further argues that the service of the subpoena was proper despite the expiration of the discovery deadline because subpoenas for documents can be served any time before trial. While conceding that no prior notice was given to the other parties, the plaintiff argues that this issue is moot and that the plaintiff will re-issue the subpoena with copies to all parties. The plaintiff further contends that service of the subpoena was proper because it was served by certified mail. Finally, the plaintiff acknowledges that production of the Veltec records may take more time than given by the subpoena and therefore does not object to additional time being given for compliance. [Docs. 218, 230].

The Court finds that the plaintiff's subpoena is untimely. The plaintiff served the subpoena on Veltec for the purpose of discovering certain documents on March 27, 2006. The Scheduling Order [Doc. 51] entered in this case set a discovery deadline of October 26, 2005 (90 days before the January 24, 2006 trial date).[1] Accordingly, the Court finds that the plaintiff's subpoena was not timely filed, and therefore, the subpoena should be quashed.

As additional grounds for quashing the subpoena, the Court finds that the plaintiff failed to comply with Rule 45(b)(1) of the Federal Rules of Civil Procedure, which requires a party seeking the production of documents before trial to serve prior notice on each party in the manner prescribed by Rule 5(b). The plaintiff admittedly failed to give such prior notice in this case, which also serves as a basis to quash the instant subpoena.

---

[1]The trial date was ultimately continued, and the discovery deadline was extended for 30 days, but only for the limited purpose of allowing the plaintiff to depose Easton witnesses about newly discovered evidence. [Doc. 158].

For the foregoing reasons, Easton's Motion to Quash Subpoena [Doc. 215] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

3

Case 3:03-cv-00151   Document 234   Filed 04/26/06   Page 3 of 3   PageID #: 172